UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLAQUEMINES PARISH VENTURES LLC** | CIVIL ACTION |
| **Plaintiff,** | |
| VERSUS | CASE NO. _____ |
| | JUDGE _____ |
| **PLAQUEMINES PARISH COUNCIL and CARLTON LAFRANCE, SR.** | |
| **Defendants.** | MAG. JUDGE _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaquemines Parish Ventures LLC ("PPV LLC" or "Plaintiff"), and avers for its Complaint as follows:

**Parties**

1.

Plaintiff, Plaquemines Parish Ventures, LLC, ("PPV LLC") is a Louisiana limited liability company organized to do and doing business in the State of Louisiana. PPV's members are Mr. Bilwood Smith, Jr. and Mr. Bilwood Smith, III.

2.

Defendant, Plaquemines Parish Council (the "Council") is the legislative body of Plaquemines Parish Government established by the Charter for Local Self-Government of Plaquemines Parish. The Council is comprised of nine council members, each representing nine geographic districts in Plaquemines Parish. The Chairman and Vice-Chairman change annually beginning in January and are voted in by the council members.

3.

Defendant Carlton M. LaFrance, Sr. ("LaFrance") is a resident and domiciliary of Plaquemines Parish. At all times relevant to this matter, LaFrance was the Councilman for District 7 of the Plaquemines Parish Council. At all times relevant to this matter, LaFrance was the Council Chairman.

4.

**Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, and treaties of the United States.

5.

As explained in more detail below, the Council has violated 42 U.S.C. § 1983 and, doing so, has caused damage to Plaintiff. Pleading a violation of § 1983 "invoke[s] this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331." *Mestayer v. City of New Orleans*, 2020 WL 1903998, *3 (E.D.La. Apr. 17, 2020) (quoting *New Concepts Housing, Inc. v. Desire Community Housing Corp.*, No. CIV. A. 00-2072, 2001 WL 845458, at *1 (E.D. La. Jul. 25, 2001)(Fallon, J.)).

6.

**Venue**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the defendants are located in the Eastern District of Louisiana, all or a substantial part of the events or omissions giving rise to the instant claims occurred in the Eastern District of Louisiana.

7.

**Background**

At all relevant times, Venture Global LNG Plaquemines has commenced and been in the process of constructing an approximately +21 billion dollar liquefied natural gas plant in Plaquemines Parish Louisiana (the "Project"). The Project employs more than 4,000 construction workers with peak employment forecasted to employ more than 6,000 workers, many of which travel/live in recreational vehicles ("RVs").

8.

There is a tremendous demand for RV sites in Plaquemines Parish as a result of the Project. In fact, in May 2022, LaFrance introduced an emergency ordinance declaring the need for and the Council passed an ordinance declaring that a need for temporary housing exists.

9.

Plaintiff is in the business of developing mobile home parks and renting sites for mobile housing units to provide transient industrial workers a quality RV site / park for them to utilize in or near the vicinity of their work. Plaintiff has been actively purchasing property in Plaquemines Parish to develop RV sites / RV parks since January 2022.

10.

Plaintiff is seeking to develop two RV sites in District 7 in Plaquemines Parish (the "Sites").

11.

Plaintiff filed two zoning applications for the Sites: Zoning Application No. 2023-530, date June 9, 2023, and Zoning Application No. 2023-533, dated June 29, 2023 (the "Zoning Applications").

12.

Plaintiff followed the Plaquemines Parish government's zoning application process, received unanimous approval from the development board, received no opposition, paid all fees required and met with eight of the nine council members, including LaFrance, to explain its development project and zoning applications.

13.

With the exception of LaFrance, the council members with whom Plaintiff met were receptive to Plaintiff's development project and thought it was a favorable development that would be good for the Parish.

14.

Plaintiff called LaFrance's office numerous times and emailed him to discuss the development, but received no response. Consequently, on September 27, 2023, Plaintiff went to LaFrance's office unannounced and was able to meet with LaFrance to discuss the development project.

15.

During the meeting, Plaintiff explained the development project to LaFrance and that Plaintiff would be seeking a vote on the Zoning Applications. LaFrance stated that he would not offer the Zoning Applications for a vote.

16.

Plaintiff explained that Plaintiff followed the government process, received unanimous approval from the development board, received no neighboring opposition, paid the applicable fees, and wanted a vote as per the Council's process. In response, LaFrance tossed a paper Plaintiff had given to LaFrance at Plaintiff and sternly said "meeting over".

17.

Plaintiff asked what was needed to have the matter voted on considering that Plaintiff followed the process and procedure in place and wanted a vote, to which LaFrance responded that he would defer Plaintiff's Zoning Applications "forever".

18.

Since that meeting, the Parish Council – without any discussion – has deferred Plaintiff's Zoning Applications each and every time it was on the agenda for a vote:   September 14, September 28, October 12, October 26 and December 14, 2023.

19.

At the Council Meeting on October 26, LaFrance advised PPV that he received letters of objection regarding the referenced Zoning Applications.  At this meeting the Parish Council again – without any discussion – deferred the matter, and no vote was allowed.  Nor was a reason given for deferring the matter.

20.

On October 30, 2023, Plaintiff submitted a public records request seeking "Any and all letters of objection regarding zoning application No. 2023-530, dated June 9, 2023 and zoning application no. 2023-533, dated June 29, 2023."  A copy of the public records request is attached as Exhibit A.

21.

Despite the request and subsequent letter requesting production of the alleged letters of objections, no documents have been provided.  See Exhibit B, November 20, 2022 Letter to Carlton M. LaFrance, Sr., District 7 Representative.

22.

Although LaFrance falsely stated that he received letters of objection to the Zoning Applications, no reason has been given for the Parish Council's refusal to bring the Zoning Applications to a vote. LaFrance, as Council Chairman, did not allow any discussion on Plaintiff's Zoning Applications.

23.

In anticipation of another deferral at the December 14, 2023 Council Meeting (the last meeting of the calendar year), Plaintiff, through counsel, wrote a letter to Chairman LaFrance and copied the entire Parish Council. The letter requested that the Parish Council bring the Zoning Applications – which had now been deferred multiple times – to a vote. See Exhibit B, November 20, 2022 Letter to Carlton M. LaFrance, Sr., District 7 Representative.

24.

Despite receiving the letter, no response was received from the Parish Council or its members. And, on December 14, 2023, the Zoning Applications were deferred without any reason provided. Again, LaFrance, as Council Chairman, did not allow any discussion on Plaintiff's Zoning Applications.

25.

As a result of the Parish Council's custom, policy, procedure and practice, the Parish Council has deprived Plaintiff of its fundamental due process rights to have its matter heard and voted on.

26.

Separately, LaFrance does not want the matter to be voted on because he fears that the development project will be approved by a majority vote of the Parish Council, and it will negatively impact revenue of competing RV sites that he has a personal interest in.

27.

LaFrance is using his position on the Parish Council to further his personal financial interests in RV sites.

28.

## Count I:
## Liability Under 42 USC § 1983

Plaintiff realleges, reavers and reincorporates by reference all facts and conducts set forth in the foregoing paragraphs, as if repeated herein.

42 U.S.C. § 1983, provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

29.

Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.*

30.

The Parish Council is liable under § 1983 because the constitutional violation is due to the Parish Council's official action, policy, ordinance and custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690-1, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978).

31.

The Code of Ordinances for the Plaquemines Parish Council, Chapter 2, Article II – Section 2-18, Rule 18 (a) provides:

> Any person shall be entitled to a reasonable hearing on any proposed ordinance or resolution. Public comment shall take place after the preamble of each piece of legislation is read and before the floor is open to the council members to take action.

32.

Rule 18(a) is limited by Rule 11, which provides, in pertinent part:

> Notwithstanding Rule 18, presentations before the Council shall be sponsored by a Council member, be part of the sponsoring Council member's district update, and be placed on the Council agenda upon contacting the Council Secretary's Office by the close of business on the Friday before the Council meeting.

33.

It is the Parish Council's custom, policy and official action to follow the District Council member's direction on whether a matter on the agenda for a vote should be deferred or voted on. There is nothing in the Parish Council's custom, policy or ordinances that prevents a District Councilman from deferring a matter for a vote indefinitely.

34.

LaFrance told PPV LLC that he intended to defer a vote on PPV LLC's application indefinitely. He has done so each time the matter has been on the Council's agenda to be offered for a vote.

35.

Following their ordinances and custom in violation of § 1983, the Council has deferred PPV LLC's applications each time they were on the Council's agenda for a vote, thereby denying PPV LLC the opportunity to be heard.

36.

The Council's custom, policy and ordinance has caused Plaintiff damage. The Council is is liable for damages and attorneys fees pursuant to 42 U.S.C. § 1983, et seq.

37.

### Count II:
### Injunctive Relief

Plaintiff realleges, reavers and reincorporates by reference all facts and conducts set forth in the foregoing paragraphs, as if repeated herein.

38.

The Code of Ordinances for the Plaquemines Parish Council, Chapter 2, Article IV Section 4.04 Prohibitions provides:

> D. No member of the parish council shall vote upon or participate in any matter or subject in which he has a personal interest.

39.

Not only has LaFrance voted on and participated in matters and subjects which he has a personal interest, but as Councilman for District 7 he has prohibited matters from being brought to a vote, and as the Council Chairperson he has prohibited debate on matters to be brought to a vote. Ironically, LaFrance is the Councilman who proposed the emergency ordinance that the Parish Council approved allowing temporary housing.

40.

Considering LaFrance's personal interest, he should be enjoined from participating in discussion, offering, deferring and participating in votes having to do with RV sites in Plaquemines Parish. Those matters should be handled by those Councilmembers that do not have personal interests in RV sites.

41.

### Count III:
### Louisiana Unfair Trade Practices Claim
### Against LaFrance, Individually

Plaintiff realleges, reavers and reincorporates by reference all facts and conducts set forth in the foregoing paragraphs, as if repeated herein.

42.

The Louisiana Unfair Trade Practices and Consumer Protection Law (commonly referred to as "LUTPA") provides a private cause of action for unfair or deceptive trade practices. Courts have recognized that the real thrust of LUTPA, modeled after Federal Trade Commission Act (the "FTCA"), 15 U.S.C. § 45, is to deter injury to competition.

43.

A trade practice is unfair (1) when it offends established public policy and (2) when the practice is unethical, oppressive, unscrupulous or substantially injurious."[1] "A trade practice is deceptive when it amounts to fraud, deceit or misrepresentation."[2] "Notably, a practice does not need to be both unfair and deceptive to fall under LUTPA, either will suffice."[3]

---

[1] *Markerson v. Composite Architectural Design Systems, LLC,* 2017-1252 (La. App. 1 Cir. 7/10/18), 255 So.3d 1065, 1073-74 (citations omitted).

[2] *Id*. (emphasis added).

[3] *Brandon v. Eaton Group Attorneys*, 2017 WL 345864 *1, 4 (E.D. La. 1/24/2017) (citing *Monroe*

44.

The LUTPA affords a private right of action to recover "actual damages" by "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405."[4] If a LUTPA plaintiff prevails, the court shall award the plaintiff reasonable attorney fees and costs.[5]

45.

Additionally, a LUTPA plaintiff can recover three times the actual damages if the court finds the unfair or deceptive method, act, or practice was knowingly used after a defendant had been put on notice by the attorney general. Notice to the attorney general is not sufficient to trigger entitlement to treble damages; however, actual notice by the attorney general to the alleged LUTPA transgressor is required.[6] Specifically, the transgressor must "'knowingly' continue the practice after receiving notice from the attorney general, meaning that 'the act or practice used was such that a reasonably prudent businessman knew or should have known that the act or practice was a violation of [LUTPA].'"[7] An award of treble damages under LUTPA is penal in nature and must be strictly construed.[8]

---

*Med. Clinic, Inc. v. Hosp. Corp. of Amer.*, 622 So2d 760, 763 (La. App. 2d Cir. 1993)).

[4] La.R.S. § 51:1409(A).

[5] *Id*.

[6] *See, e.g., Delaware Valley Fish Co. v. 3South LLC,* 601 F.Supp.3d 7, *27 (M.D. La. 2/24/2022).

[7] La. R.S. § 51:1402(7); *see, e.g.*, *Johnston*, 359 So.3d at 919.

[8] *See B&G Crane Serv., LLC v. Duvic*, 2005-1798, p. 10 (La. App. 1 Cir. 5/5/06), 935 So. 2d 164, 170.; *Johnston v. Vincent*, 359 So.3d 896, 919 (La. 2023).

46.

Upon information and belief, LaFrance has received and continues to receive compensation from RV sites and those operating/owning RV sites in competition with Plaintiff.

47.

LaFrance's actions against Plaintiff were intentional, willful and malicious.

48.

LaFrance's deceptive actions and practices of delaying and denying Plaintiff the ability to have its applications voted on has resulted in damages to Plaintiff.

49.

Plaintiff is entitled to damages, treble damages, attorneys fees and costs as a result of LaFrance's unfair and deceptive trade practices.

50.

**Count IV:
Violation of Public Records Request**

Plaintiff realleges, reavers and reincorporates by reference all facts and conducts set forth in the foregoing paragraphs, as if repeated herein.

51.

Louisiana R.S. § 44:35 provides, in pertinent part:

A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

…

D. (1) If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.

…

E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requestor any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requestor civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

52. !

On October 30, 2023 and after the statement made by LaFrance at the October 26 council meeting, Plaintiff submitted a public record request seeking "any and all letters of objection" regarding the Zoning Applications. Exhibit A.

53.

The Council failed to respond to the October 30, 2023 public records request.

54.

On November 20, 2023, Plaintiff reiterated its request. Exhibit B.

55.

Again, the Council did not respond.

56.

The Council is liable for attorneys' fees, costs, and damages pursuant to the statute.

WHEREFORE, Plaquemines Parish Ventures LLC prays that, after due legal proceedings are had, there be judgment rendered in its favor against Plaquemines Parish Council and Carlton Lafrance, Sr. on all causes of action set forth herein, together with injunctive relief, damages, all attorneys' fees, treble damages, all costs of these proceedings, and for any and all other relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By: _____*/s/ Brian M. Ballay*_____
Brian M. Ballay (Bar No. 29077)
William Wildman (Bar No. 40995)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Direct: (504) 566-5230
Facsimile: (504) 636-3930
bballay@bakerdonelson.com

**COUNSEL FOR PLAINTIFF, PLAQUEMINES PARISH VENTURES LLC**