UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLAQUEMINES PARISH VENTURES, LLC | * | CIVIL ACTION NO. 23-7337 |
| | * | |
| | * | SECTION: "A"(1) |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| PLAQUEMINES PARISH COUNCIL ET AL. | * | |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| | * | |

## ORDER AND REASONS

The following motions are before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 7)** filed by Plaintiff, Plaquemines Parish Ventures, LLC ("PPV"), and **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 8)**, filed by Defendants, Carlton LaFrance, Sr., and the Plaquemines Parish Council ("the Council"). Both motions are opposed. The motions, submitted for consideration on March 27, 2024, are before the Court on the briefs without oral argument.[1] For the reasons that follow, Defendants' **Motion to Dismiss** is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's **Motion for Partial Summary Judgment** is **DENIED**.

### I.     Background

This suit arises out of PPV's efforts to construct and operate a recreational vehicle park in Plaquemines Parish to provide temporary housing for workers of a nearby natural gas plant. (Complaint, ¶ 7). In May of 2022, LaFrance introduced an ordinance declaring the need for additional RV parks to provide such housing. (*Id.* ¶ 8). In June of 2023, PPV filed zoning applications to construct RV parks on two separate plots of land. (*Id.* ¶¶ 10-11). It alleges that it

---

[1] PPV requested oral argument regarding both its Motion for Summary Judgment and Defendants' Motion to Dismiss. Because the Court is not persuaded that oral argument would be helpful, it has decided the motions on the briefs.

1

complied with the Parish's zoning application process, including seeking and receiving approval from the development board, paying all necessary fees, and meeting with the members of the Council. (*Id.* ¶ 12). However, PPV claims that LaFrance proved difficult to meet with and, upon meeting with PPV, stated that he would ensure the applications never received a vote from the Council. (*Id.* ¶ 13-17).

Since then, the Council has deferred PPV's applications several times, each time without explanation, and PPV's requests for a vote have been unsuccessful. (*Id.* ¶¶ 18-19, 22-24). Further, LaFrance has suggested that he has received letters of objection to the proposal. (*Id.* ¶¶ 18-19). In response, PPV submitted a public records request for all letters of objection; no letters were produced. *(Id.* ¶¶ 20-22). Additionally, PPV contends that LaFrance has a personal interest in other RV sites and, for that reason, is blocking its applications. (*Id.* ¶¶ 26-27). Consequently, PPV brought this suit asserting that LaFrance and the Council are liable under 42 U.S.C. § 1983 for violating its procedural due process rights. (*Id.* ¶¶ 29-30). It claims that each of (1) LaFrance's deferrals of the vote and (2) the Council's rule enabling a single councilmember to defer a matter in perpetuity violates its constitutional right to due process in the consideration of its applications, and precludes a hearing guaranteed under the Parish ordinances. (*Id.* ¶ 33).

PPV moved for summary judgment after the Council and LaFrance failed to timely answer.[2] In response, the Council and LaFrance moved to dismiss for (1) lack of personal jurisdiction; (2) lack of subject-matter jurisdiction; and (3) failure to state a claim. Because this

---

[2] Counsel for Defendants experienced delays in their approval to practice in the Eastern District of Louisiana. Because of these delays, Defendants' opposition to Plaintiff's Motion for Summary Judgment was not timely filed under the local rules, nor did they file an answer or Rule 12 motion within twenty-one days of service. The Court also notes that Defendants' opposition memorandum was considered deficient by the Clerk because it lacked a statement of material facts. Despite these deficiencies, the Court has considered the opposition memorandum and all filings from Defendants.

Court finds that PPV has failed to state a claim under 42 U.S.C. § 1983, the motion for summary judgment is denied. The Court discusses these issues below.

## II. Legal Standard

A motion filed pursuant to Rule 12(b)(1) raises the defense of lack of subject-matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject-matter jurisdiction may be founded on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Ultimately, such a motion to dismiss should be granted only if it appears that the plaintiff cannot prove any set of facts in support of its claim that would entitle the plaintiff to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."

3

*Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

**III.    Discussion**

A.    <u>Subject-Matter Jurisdiction</u>

As an initial matter, this Court cannot conduct a 12(b)(6) analysis without first determining whether it has subject-matter jurisdiction. PPV's claim under 42 U.S.C. § 1983 triggers jurisdiction under 28 U.S.C. § 1331. The defendants do not contest subject-matter jurisdiction on these grounds. Rather, they assert that this Court lacks jurisdiction because they are protected by legislative immunity. However, whether legislative immunity precludes a cause of action is an affirmative defense that is properly raised as a 12(b)(6) challenge; it is not a complete bar to the existence of subject-matter jurisdiction. Indeed, "jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89

(1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Jurisdiction exists in such a federal question case "unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Id.* (quoting *Bell*, 327 U.S. at 682-83). This Court can dismiss for lack of subject-matter jurisdiction due to the inadequacy of a federal claim only when it is completely implausible or foreclosed by other precedent. *Id.*

Here, PPV has not stated a claim that is so devoid of merit or implausible that it may be dismissed for lack of subject-matter jurisdiction. The claim that its procedural due process rights were infringed upon—while strained, as discussed below—turns on a question of law as to whether it possessed a constitutionally protected property interest, the resolution of which will determine whether PPV can state a claim under section 1983. It cannot be said that this claim was solely alleged to manufacture subject-matter jurisdiction. On this basis, this Court finds that it has subject-matter jurisdiction due to the existence of a viable, well-pleaded federal question, and will therefore consider whether PPV has sufficiently stated a claim.[3]

B. <u>Failure to State a Claim</u>

  1. *Absence of a Constitutionally Protected Right*

PPV brings its cause of action regarding LaFrance's and the Council's constitutional violations under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

---

[3] The defendants also assert that this Court lacks personal jurisdiction over them due to legislative immunity. Legislative immunity does not preclude a federal court from exercising jurisdiction over individuals or entities that are citizens of the state in which it sits. This argument borders on frivolous, and the motion to dismiss on this basis is denied.

PPV argues that the Fourteenth Amendment Due Process Clause demands that it receive a hearing as to its zoning applications pending before the Council. It asserts that LaFrance has violated its right to due process by continually deferring the vote on the applications, and that the Council has violated its rights because its customs or rules enable LaFrance's activity.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST., amend. XIV, § 1. The Due Process Clause grants both substantive and procedural rights; PPV argues only that its procedural rights were violated because it has been denied a hearing in the deferral of its applications. For a plaintiff's procedural due process rights to be violated, the defendant must have infringed upon a constitutionally protected interest. *Price v. City of Junction, Tex.*, 711 F.2d 582, 589 (5th Cir. 1983) ("It is necessary that property or liberty interests within the meaning of the due process clause be involved before the notice and hearing rights are created."). Whether an individual or entity possesses a property interest protected by due process is a question of state law. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). In Louisiana, a vested property right is a present interest in which its owner has "the right to enjoyment, present or prospective." *Sawicki v. K/S Stavanger Prince*, 802 So. 2d 598, 604 (La. 12/7/01) (quoting *Tennant v. Russell*, 39 So. 2d 726 (La. 1949)). Further, "[t]he right must be absolute, complete, and unconditional, independent of a contingency, and *a mere expectancy of future benefit . . . does not constitute a vested right*." *Id.* (quoting *Tennant v. Russell*, 39 So. 2d 726 (La. 1949)) (emphasis added).

PPV points this Court to *Bowlby v. City of Aberdeen, Mississippi* to show that licenses and permits are essential in the pursuit of livelihood and, therefore, confer a property interest. PPV states that because its plan has been approved by the development board and the Council has unreasonably deferred the vote, the activity is effectively a denial of rights without a hearing.

However, *Bowlby* expressed that "*once issued*, a license or permit 'may become essential in the pursuit of a livelihood.'" *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 220 (5th Cir. 2012) (quoting *Bell v. Burson*, 402 U.S. 535, 539 (1971)) (emphasis added); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (providing that an individual may not be deprived of property interests "once conferred"). PPV expands too much on *Bowlby*'s focus; there, the Fifth Circuit found a protected property interest where the Zoning Board sought to revoke previously issued permits allowing the plaintiff to operate her business in a specific location. *Bowlby*, 681 F.3d at 219-20. *Bowlby* is distinguishable from the issue presented here. Absent conferral of a permit, the mere fact that PPV's application has been deferred is not a violation of due process rights.[4] PPV has no permit. Its right to use the land as an RV park is a mere expectancy, far from what is required under Louisiana law, *see Sawicki*, 802 So. 2d at 604, and does not meet the basic threshold present in cases from the Fifth Circuit and Supreme Court in which a permit had already been issued. That is, these deferrals do not deprive PPV of its current rights to the land; rather, they are mere refusals to *potentially* grant rights.

PPV also asserts that Plaquemines Parish's ordinances governing the Council create a custom or method of operating that makes it liable under section 1983. However, such a method of imputing liability to the Council—assuming that the Parish Council is an entity capable of being sued—first requires a constitutional violation. *See James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (determining that municipalities are not liable under section 1983 for the misconduct of an employee unless, "*in addition to a constitutional violation*, . . . an official policy promulgated by the municipality's policymaker was the moving force behind, or actual

---

[4] The fact that PPV has acquired this land and expended funds in developing a business venture for the land does not create a constitutionally protected interest giving rise to due process rights in this context. While the land certainly is constitutionally protected from certain infringements, PPV's ownership does not compel the Council to vote on applications for a potential permit.

7

cause of, the constitutional injury" (emphasis added)). PPV asserts that the Council's governing ordinances and customs permit councilmembers to perpetually defer zoning applications such that they never receive a vote or opportunity for public comment, despite one ordinance's provision granting a hearing for such votes.[5] However, under this ordinance, such a hearing is not prescribed unless the proposal reaches a vote. Additionally, for such a claim to succeed, there must be a constitutionally protected interest; absent such an interest, no violation exists under section 1983. As described above, because PPV has no interest granting procedural protection in this instance, there is no constitutional violation, and therefore a claim cannot be sustained under 42 U.S.C. § 1983.

### 2. *No Procedural Due Process Right in Legislative Activity*

Even assuming *arguendo* that PPV has a protected property interest, legislative activity does not give rise to procedural due process rights. *Jackson Ct. Condos., Inc. v. City of New Orleans*, 874 F.2d 1070, 1074 (5th Cir. 1989) ("[I]t is well-established law that once an action is characterized as legislative, procedural due process requirements do not apply."). This raises the question: are a parish's zoning determinations legislative? Both the Supreme Court and the Fifth Circuit have suggested as much. *See, e.g.*, *Shelton v. City of College Station*, 780 F.2d 475, 478 (5th Cir. 1986) ("[Z]oning decisions [are] legislative in nature and governed only by limitations on legislative procedure . . . ."); *Calhoun v. St. Bernard Parish*, 937 F.2d 172, 174 (5th Cir. 1991) (labeling spot zoning as legislative activity and stating that the Fifth Circuit has "always viewed zoning as a legislative function"); *Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252 (1977) (evaluating denial of request for rezoning of a specific parcel of property as

---

[5] The Code of Ordinances for the Plaquemines Parish Council, Chapter 2, Article II – Section 2-18, Rule 18(a) states: "Any person shall be entitled to a reasonable hearing on any proposed ordinance or resolution. Public Comment shall take place after the preamble of each piece of legislation is read and before the floor is open to the Board members to take action."

legislative); *Warth v. Seldin*, 422 U.S. 490, 508 n.18 (1975) ("[Z]oning laws and their provisions, long considered essential to effective urban planning, are peculiarly within the province of state and local legislative authorities.").[6] Certainly, some actions by a municipal body are adjudicative, such as when "an appointed group, such as a zoning board, makes a specific decision regarding a specific piece of property." *Cnty. Line Joint Venture v. City of Grand Prairie, Tex.*, 839 F.2d 1142, 1144 (5th Cir. 1988). However, *County Line* distinguished this type of decision-making from legislative activity, such as when elected groups, including city councils, make general zoning decisions. *Id.* The issue here is not an adjudicative determination of whether PPV has been compliant with an existing permit, nor is it a question of whether PPV received proper due process in the revocation of an already-secured permit. Rather, the Parish Council has merely refused to vote on a particular zoning application.

---

[6] *Shelton* attempted to do away with the notion that zoning activity can be either quasi-legislative or legislative in the context of substantive due process. 780 F.2d at 479 ("Such a suggestion of uncertainty [of whether zoning is quasi-legislative or legislative] is not warranted. We have plainly and consistently held that zoning decisions are to be reviewed by federal courts by the same constitutional standards we employ to review statutes enacted by the state legislatures."). While this case handles procedural due process rights, this Court is comfortable considering the substantive due process principles as analogous to the procedural due process principles.

Despite the Fifth Circuit's clear directive that zoning is a legislative activity, PPV contends that this activity was adjudicative. PPV highlights the difference between legislative and adjudicative acts as described in *Hughes v. Tarrant County Texas*. 948 F.2d 918 (5th Cir. 1991). *Hughes* provides two tests for determining whether an action is legislative or adjudicative. The first turns on whether the underlying facts are legislative and the second on the "particularity of the impact of the state action." *Id.* at 920-21 (quoting *Cutting v. Muzzey*, 724 F.2d 259, 261 (1st Cir. 1984)).

As to the first test, the Fifth Circuit "has always viewed zoning as a legislative function." *Calhoun*, 937 F.2d at 174. Even a denial of a request for a variance is "a legislative judgment, an evaluation of legislative facts, even though the legislative decision was not the initial enactment of a zoning code." *Id.* (citing *Shelton*, 780 F.2d 475). The second test focuses on the particularity of the act. In *Hughes*, the court considered a state district court clerk's claim for attorney's fees from a contempt hearing. 948 F.2d at 919-20. The Fifth Circuit stated that the issue was "not based on general facts regarding any policy, but instead, it was based on specific facts of an individual situation related to the district court clerk." *Id.* at 921. While any zoning determination necessarily implicates questions of specific facts, the issue in *Hughes* was clearly one that resembled an adversarial proceeding such as a lawsuit rather than conforming with a comprehensive legislative plan. Additionally, the case law from other jurisdictions cited by Defendants related to individualized issues, such as an individual's ban from attending meetings or a grant of a government contract to a bidder, which take the form of administrative actions. Zoning questions, on the other hand, are applications of wider legislative plans to individuals. Such decisions are uniquely legislative, both precedentially and under the framework set out by *Hughes*.

9

Whether an act is legislative turns on the nature of the act. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). The Supreme Court considers the "introduction of a budget and signing into law an ordinance . . . [to be] formally legislative" acts. *Id.* at 55. This determination is not directly on point—after all, PPV takes issue with the Council's *inaction*, not any affirmative action. However, this Court considers this form of inaction to qualify as legislative activity.[7] *Bogan* considered the "introduction of a budget" to be legislative activity because it is an "integral step[] in the legislative process." *Id.* Implicit in the introduction of such a budget is the decision of whether to introduce that budget. Therefore, the premise that introducing a proposal is legislative assumes that the underlying decision to introduce it is also legislative. If such a decision is legislative when the result is to bring the proposal to a vote, then by extension a negative result must also be legislative. It is not this Court's place to compel a legislator to introduce legislation—such an act is squarely within the ambit of the legislator's discretion.

While the Fifth Circuit has not yet determined whether legislative inaction qualifies as legislative activity, others have. *See, e.g.*, *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 192-93 (2d Cir. 2019) (finding that failure to introduce legislation was legislative in form and in substance); *Yeldell v. Cooper Green Hosp. Inc.*, 956 F.2d 1056, 1063-64 (11th Cir. 1992) ("When individuals can sue members of a legislative body to ensure that a certain piece of legislation is brought before that body for a vote, the process is no longer democratic. Thus, we hold that the decision . . . not to introduce a piece of legislation . . . is legislative activity protected by the doctrine of legislative immunity."). This Court is satisfied that the decision not to introduce legislation to the Council is legislative activity. Such an act is a necessary

---

[7] PPV points this Court to *Hughes* to argue that inaction does not constitute a legislative act, instead claiming that the action is adjudicative. Having found the act to be legislative, the Court must analyze whether inaction can be protected legislative activity.

10

determination and therefore an "integral step[] in the legislative process." *Bogan*, 523 U.S. at 55. Therefore, procedural due process rights do not attach. *See Jackson Ct. Condos.*, 874 F.2d at 1074.

### 3. Failure of Bias Claim

Finally, PPV has alleged that LaFrance is personally biased against PPV because he has a financial stake in surrounding RV parks. Because this is a 12(b)(6) analysis, this Court will assume that LaFrance has such a stake in surrounding RV parks and that he has a personal bias against PPV.[8] Nevertheless, PPV's argument still fails. The Fifth Circuit has previously refused to extend procedural due process rights to zoning. *Cf. S. Gwinnett Venture v. Pruitt*, 491 F.2d 5, 7 n.1 (5th Cir. 1974) (en banc) (refusing to extend *Hornsby v. Allen*'s dictate that exercises of legislative power in adjudicative settings require concepts of minimal due process to zoning cases).

Beyond the inapplicability of due process in this setting under *Pruitt*, an official's bias only constitutes a violation of procedural due process when an individual possesses due process rights. *See Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 488 n.2 (1976) (explaining that there was a property interest at Wisconsin law as a prerequisite to determining whether bias potentially denied the plaintiff due process). As described at length above, PPV has no due process rights as to these applications. Additionally, the Court has held that it is "not consonant with our scheme of government for a court to inquire into the motives of legislators," *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951), a protection that is distinguishable

---

[8] The Court notes that PPV is also concerned about LaFrance's proposal to enact a moratorium on RV developments on its specific plots of land. There has not yet been a vote. Whether such an action is adjudicative or legislative is undecided by this Order, as the matter is not ripe until the proposal is acted upon. Further, allegations regarding the potential moratorium were not included in the Complaint. Therefore, because this claim was not alleged in this lawsuit, and it is not ripe regardless, this Order issues no opinion on the viability of a constitutional claim regarding the moratorium, nor shall it be interpreted as issuing such a decision.

from adjudicative contexts.[9] In fact, the Supreme Court drew a bright line regarding legislators' motives, stating:

> In times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and as readily believed. Courts are not the place for such controversies. Self discipline and the voters must be the ultimate reliance for discouraging or correcting such abuses.

*Id.* at 378. Clearly, it is not this Court's place to determine whether LaFrance or the Council has any bias against PPV, considering their inaction falls within the scope of their legislative discretion. Additionally, it is not this Court's prerogative to require LaFrance to propose a piece of legislation with which he disagrees—regardless of his motive for disagreement. Therefore, the bias claim as to the zoning applications must fail.

### IV.   Conclusion

Having reviewed the pleadings, this Court does not believe that PPV has a constitutionally protected property interest, and it therefore cannot claim due process rights. In the alternative, the defendants' legislative activity does not give rise to procedural due process rights for PPV. While the Court sympathizes with PPV's frustration regarding this matter, as it currently stands, there is no violation of the Fourteenth Amendment nor is there a valid civil rights claim under section 1983. Therefore, PPV cannot state a claim under 42 U.S.C. § 1983 and, on that basis, that claim is **DISMISSED**.

Having dismissed the sole basis of subject-matter jurisdiction, only state law claims remain. Pursuant to 28 U.S.C. § 1367(c), this Court declines to exercise supplemental

---

[9] The question of whether an act is adjudicative or legislative can have a significant impact on a due process claim premised on bias. As discussed above, this Order makes no determinations regarding the moratorium's nature as legislative or adjudicative, and it therefore makes no determination regarding the viability of a bias claim premised on the moratorium proposal.

jurisdiction over the remaining claims. They are therefore **DISMISSED WITHOUT PREJUDICE**.

In light of the above, PPV's Motion for Summary Judgment, in which it requests judgment as a matter of law as to section 1983 liability and state law claims, is **DENIED WITH PREJUDICE** as to the 1983 claim and **DENIED WITHOUT PREJUDICE** as to the state law claims.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 8)** filed by Defendants, Carlton LaFrance, Sr., and the Plaquemines Parish Council, is **GRANTED** as to the 42 U.S.C. § 1983 claim for failure to state a claim. The motion is **DENIED** as to the state-law claims.

**IT IS FURTHER ORDERED** that Plaquemines Parish Ventures, LLC's remaining state law claims arising from this series of events are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that Plaquemines Parish Ventures, LLC's **Motion for Partial Summary Judgment (Rec. Doc. 7)** is **DENIED WITH PREJUDICE** as to the 1983 liability claims and **DENIED WITHOUT PREJUDICE** to the remaining state law claims.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Stay Discovery (Rec. Doc. 22)** is **DISMISSED AS MOOT**.

April 3, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE